**IN THE COURT OF APPEALS OF IOWA**

No. 16-0409
Filed April 27, 2016

**IN THE INTEREST OF J.L.,**
**Minor child,**

**D.L., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

Stepfather appeals from a dispositional order continuing his stepson in the custody of the department of human services for placement in family foster care. **AFFIRMED.**

Linda A. Hall of Linda Hall Law Firm & Mediation Services, P.L.L.C., Cedar Falls, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Melissa A. Anderson-Seeber of the Juvenile Public Defender's Office, Waterloo, for minor child.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

The child at issue, J.L., was born in September 2015. The child was removed from the mother, Melanie's, care due to Melanie's methamphetamine use and demonstrated inability to care for the newborn. Melanie has had four other children removed from her care for similar reasons. Subsequent to removal of the child, Melanie married Derek. Derek is not the biological father of the child at issue. The child was adjudicated in need of assistance ("CINA"), and the matter came on for dispositional review hearing. Derek now appeals from a dispositional order providing custody of J.L. shall remain with the Iowa Department of Human Services (IDHS) for placement in family foster care.

We review CINA proceedings de novo. *See In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480–81 (Iowa Ct. App. 1995). We give weight to the findings of the juvenile court. *See In re E.H. III*, 578 N.W.2d 243, 248 (Iowa 1998). While doing so, our statutory obligation to review adjudication proceedings de novo means our review is not a rubber stamp of what has come before. "The most important consideration in any CINA case is the best interests of the child." *D.D.*, 653 N.W.2d at 362.

"Following the entry of an order pursuant to section 232.96, the court shall, as soon as practicable, hold a dispositional hearing in order to determine what disposition should be made of the petition." Iowa Code § 232.99(1) (2015). "When the dispositional hearing is concluded the court shall make the least restrictive disposition appropriate considering all the circumstances of the case."

Iowa Code § 232.99(4). The code sets forth possible dispositions in sections 232.100 through 232.102, from least restrictive to most restrictive. Suspending judgment is the least restrictive alternative. *See* Iowa Code § 232.100. Transfer of legal custody and placement away from the parent is the most restrictive. *See* Iowa Code § 232.102. Within section 232.102, several alternatives are provided, including placement with another parent, relative, or suitable person; placement with a child-placing agency, facility or institution; or placement with IDHS. *See* Iowa Code § 232.102(1)(a)(1)-(3). Our supreme court has interpreted these sections to favor placement with a relative over placement with a non-relative. *See In re N.M.*, 528 N.W.2d 94, 97 (Iowa 1995). However, because the best interest of the child is the primary concern, the juvenile court is not required to order placement with relatives over other alternatives. *See, e.g.*, *In re T.H.*, No. 02–1844, 2003 WL 21543837, at *2 (Iowa Ct. App. July 10, 2003) (affirming placement in foster care over placement with grandmother).

Here, the juvenile court chose the most restrictive disposition—transfer of custody for placement into foster care. Custody may be transferred by the juvenile court if it finds by clear and convincing evidence that "(1) [t]he child cannot be protected from physical abuse without transfer of custody; or (2) [t]he child cannot be protected from some harm which would justify the adjudication of the child as a [CINA] and an adequate placement is available." Iowa Code § 232.102(5)(a). Clear and convincing evidence is more than a preponderance of the evidence and less than evidence beyond a reasonable doubt. *See In re L.G.*, 532 N.W.2d 478, 481 (Iowa Ct. App. 1995).

Derek contends the least restrictive disposition appropriate is placement of the child with him, as the father of the child. The argument fails for two reasons.

First, Derek is not the father of the child within the meaning of Iowa Code chapter 232. He is not the biological father or adoptive father of the child. *See In re J.C.*, 857 N.W.2d 495, 505 (Iowa 2014) (holding "parent" within the meaning of chapter 232 is limited to a biological parent or an adoptive parent). Nor is he the established father or legal father of the child because he and Melanie were not married at the time of the child's birth. Even if he were the established or legal father of the child, the fact would be immaterial because the supreme court has held an established father qua father is not able to participate as a matter of right in chapter 232 proceedings involving the father's child. *See id.*

Second, on de novo review, we conclude there is clear and convincing evidence supporting the dispositional order. The child cannot be placed with the father because the father resides with the mother. There remain valid concerns regarding the mother creating a risk of adjudicatory harm to the child. Similar concerns exist regarding Derek. For example, Derek was incarcerated at the time of the child's birth and there continue to be concerns regarding his criminal activity and relapse into substance abuse. During semi-supervised visitation, Derek struggled to meet the child's basic needs, such as feeding the child and changing the child's diapers. With respect to Melanie and Derek, there remain valid concerns regarding their denial of critical care, limited parenting skills, substance abuse, exposure of the child to illegal substances, and inadequate supervision of the child.

For the foregoing reasons, we affirm the dispositional order.

**AFFIRMED.**